IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

MASSACHUSETTS MUTUAL LIFE
INSURANCE COMPANY                                                                                    PLAINTIFF

V.                                                      CIVIL ACTION NO. 4:15CV-166-DMB-JMV

PURVIS WILLIAM HILL, JR.                                                                        DEFENDANT

*Consolidated With*

PURVIS WILLIAM HILL, JR.                                                                          PLAINTIFF

V.                                                      CIVIL ACTION NO. 4:15-CV-184-DMB-JMV

MASSACHUSETTS MUTUAL LIFE INSURANCE
COMPANY AND JOHN DOES 1-3                                                                   DEFENDANTS

**ORDER**

This matter is before the court on Massachusetts Mutual Life Insurance Company's ("Mass Mutual") motion [53 in 4:15cv166 & 46 in No. 4:15cv184] in these consolidated cases for an order regarding substitution of a party. Having considered the motion and the fact no response thereto has been made by counsel of record for the deceased party, the court finds as follows:

*Federal Rule of Civil Procedure* 25 provides: "If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative." FED.R.CIV.P. 25(a)(1). Rule 25 further requires that a motion to substitute must be made within 90 days after service, as provided in FED.R.CIV.P. 4, of a suggestion of death on nonparties. *See* FED.R.CIV.P. 25(a)(1)-(3).

In this case Mass Mutual filed a Suggestion of Death of Purvis William Hill, Jr., on August 5, 2016. The suggestion of death has not been served in accordance with Rule 4 on any nonparty. Consequently, the 90-day period for filing a motion to substitute pursuant to Rule 25 has not yet

begun to run. The court declines, however, to further hold, as suggested by counsel for the movant, that only service of a suggestion of death on a deceased's estate pursuant to Rule 4 can trigger the running of the 90-day period. *See*, e.g., *Lewis v. Flowers*, No. 1:15cv116-HSO-JCG, 2016 WL 3162065, at *1 (S.D. Miss. June 3, 2016) ("Although the Court recognizes that Defendant has not yet located an estate upon which to serve process, Defendant has located Plaintiff's daughter who appears to be an heir-at-law and potential 'representative' of the late Plaintiff and upon whom Defendant could have served notice in accordance with Rule 4.")[1]

Consistent with *Webb v. Town of St. Joseph*, No. 3:12-CV-02644, 2016 WL 2726648, at *3 (W.D. La. May 9, 2016), the Court does, however, find that it is appropriate that counsel of record for the decedent file a declaration in this case within 14 days of this order stating: 1) whether an estate has been or will be opened and the identity of the estate's representative; 2) if no estate has been but will be opened, by what date this will occur; and 3) if no estate has been or will be opened, the identity of the decedent's legal successor(s) or representative(s). Counsel is warned that failure to file such declaration in accordance with this order may result in an appropriate sanction.

So ORDERED this the 15th day of November, 2016.

/s/ Jane M. Virden
U. S. Magistrate Judge

---

[1] Rather, because the Court does not issue advisory opinions, it will leave to counsel, the responsibility, in the first instance, to determine who may be a proper successor or representative pursuant to Rule 25 in this case.