**GhIN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**MASSACHUSETTS MUTUAL LIFE
INSURANCE COMPANY**                                                                    **PLAINTIFF**

**V.**                                       **CIVIL ACTION NO. 4:15CV-166-DMB-JMV**

**PURVIS WILLIAM HILL, JR.**                                                           **DEFENDANT**


*Consolidated With*


**PURVIS WILLIAM HILL, JR.**                                                           **PLAINTIFF**

**V.**                                       **CIVIL ACTION NO. 4:15-CV-184-DMB-JMV**

**MASSACHUSETTS MUTUAL LIFE INSURANCE
COMPANY AND JOHN DOES 1-3**                                                          **DEFENDANTS**


**ORDER**

This matter is before the court on the identical motions [#69 in 4:15cv166 & #62 in No. 4:15cv184] of Massachusetts Mutual Life Insurance Company ("Mass Mutual") in these consolidated cases for entry of an order to show cause. For the reasons that follow, the motions are granted in part and denied in part.

By Notice dated March 10, 2017, this matter was set for a hearing yesterday, March 16. In pertinent part the Notice stated: "All counsel are required to be present for the in-person hearing at which time appropriate sanctions for failure to comply with court's [sic] order will be considered." Counsel of record for the now deceased defendant in the lead case, Ms. Candace Williamson, failed to appear for the hearing or otherwise respond to the motions or the court's order setting the same for hearing. Nevertheless, in light of the fact that the district judge has stayed the case for a period of 90 days, to expire on 4/19/17, the court does not find that there is

sufficient cause, as suggested by movant, to recommend the case for dismissal for failure to prosecute or otherwise at this juncture.

On the other hand, the court does find that Ms. Williamson's flagrant disregard of this court's orders, as outlined in the instant motions, is unprofessional and reprehensible and warrants the imposition of monetary sanctions against her personally.  Accordingly, all reasonable attorney's fees and expenses incurred by counsel for Massachusetts Mutual Life Insurance Co. in preparing the instant motion and appearing at the hearing today are awarded to Massachusetts Mutual Life Insurance Co.  An itemization of reasonable fees and expenses incurred, along with an attorney's supporting affidavit, should be filed of record on or before 10 days from today's date.  Ms. Williamson will have 7 days thereafter in which to file any objection she may have to the reasonableness of the amount of the fees and expenses.  Any reply will be due 3 days thereafter.  Once the court has determined the final amount of the fees and expense awarded, the court will enter an order confirming the same and giving Ms. Williamson a set period of time in which to pay them.

So ordered this the 17th day of March, 2017.

/s/ Jane M. Virden
U. S. Magistrate Judge