# IN THE UNITED STATES DISTRICT
# COURT FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

| | |
|---|---|
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY | PLAINTIFF |
| V. | CIVIL ACTION NO. 4:15CV-166-DMB-JMV |
| PURVIS WILLIAM HILL, JR. | DEFENDANT |

*Consolidated With*

| | |
|---|---|
| PURVIS WILLIAM HILL, JR. | PLAINTIFF |
| V. | CIVIL ACTION NO. 4:15-CV-184-DMB-JMV |
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY AND JOHN DOES 1-3 | DEFENDANTS |

## ORDER

This matter was before the court for hearing on June 22, 2017 on the motion of Massachusetts Mutual Life Insurance Company ("Mass Mutual") to compel payment of sanctions by counsel of record in this case, Candace Williamson, or alternatively, to hold her in contempt. For the reasons discussed below, the court orders 1) the payment by Ms. Williamson of fees to Mass Mutual in the amount of $4,000.00 on or before 7 days from the date of this order and $100.00 a day for each day thereafter that the fees remain unpaid and 2) all counsel, including Ms. Williamson, are directed to research their obligation to report this order, and circumstances giving rise to the same, to the Mississippi Bar. By way of separate report and recommendation ("R&R") to the DistrictJudge in this case, the undersigned will recommend that Ms. Williamson not be permitted to enter a new appearance as counsel in any case in the

Northern District of Mississippi for a 120 day period from the date of an order by the District Judge adopting said R&R.[1]

**Background**

These consolidated actions, filed in late 2015, involve a dispute over whether Mass Mutual owes insurance proceeds for certain care received by Dr. Purvis William Hill, Jr., deceased. Ms. Williamson originally appeared as counsel for Dr. Hill, her father, with co-counsel who subsequently withdrew from representation, leaving Ms. Williamson as sole counsel. In or around July 26, 2016, Dr. Hill passed away. *See* Dckt. Entry [41].[2]

On November 15, 2016, in response to a motion of Mass Mutual for an order regarding substitution of parties [53], the court, while denying some of the relief sought, ordered, pursuant to *Webb v. Town of St. Joseph*, No. 3:12cv02644, 2016 WL 2726648, at *3 (W.D. La. May 9, 2016), that within 14 days Ms. Williamson, as counsel of record in the case, file a declaration stating: 1) whether an estate has been or will be opened and the identity of the estate's representative; 2) if no estate has been but will be opened, by what date this will occur; and 3) if no estate has been or will be opened, the identity of the decedent's legal successor(s) or representative(s). *See* Dckt. Entry [54]. Counsel was warned that failure to file such declaration in accordance with that order may result in an appropriate sanction. *See id.*

Ms. Williamson did not timely comply or otherwise respond to the court's order. Accordingly, the court set a telephonic status conference for December 9 to address counsel's failure to comply. At the conference, counsel was given an additional 3 day period to comply,

---

[1] It will be recommended that Ms. Williamson be allowed, of course, to continue to serve as counsel of record in any case where she is currently appearing as counsel.
[2] Citations to the docket are made with respect to entries in the lead case, Cause No. 4:15cv166.

2

and no sanctions were awarded. On December 12 Ms. Williamson filed what she styled "a suggestion of death" [56] but failed to include all of the requested information.

By Order [65] dated January 18 the undersigned denied Mass Mutual's motion [58] which requested, among other things, that Ms. Williamson file periodic status reports detailing her efforts to have an administrator appointed for Dr. Hill's estate.  Instead, I ruled that the court would hold status conferences as needed and that one such conference would be set within 10 days.  The same day a telephonic status conference was set, this time for January 19, 2016. Ms. Williamson did not appear or otherwise respond. As a consequence, the court ordered Ms. Williamson to file a status report by January 24—and at 21 day intervals--regarding certain matters relating to the estate (or proposed estate) of the deceased. *See* Dckt. Entry [67]. Ms. Williamson then filed a status report [68]; however, it did not fully comply with the requirements of the court's January 20 Order [67]. Ms. Williamson failed to file any of the subsequent reports required by the court's order.

On March 6 Mass Mutual moved for counsel to show cause why Dr. Hill's claims against it should not be dismissed for failure to prosecute or comply with court orders. *See* Dckt. Entry [69]. Mass Mutual's motion was noticed for hearing, in person, requiring Ms. Williamson's attendance. *See* Dckt. Entry [70]. Ms. Williamson, again, did not appear or otherwise respond. *See* Dckt. Entries [71 & 72]. At the hearing, the court declined to recommend dismissal but, after reducing defense counsel's fees incurred in connection with the motion from approximately $13,000.00 to $3,000.00, awarded the fees on account of Ms. Williamson's repeated and flagrant failure to appear or respond in accordance with court orders. *See* Dckt. Entries [72 & 74]. Ms. Williamson was given until May 19, 2017, to pay the fees awarded, but she did not do so or otherwise seek relief from the court. As a result, on June 1 MassMutual moved to compel

3

payment of the sanctions or for contempt. The motion was noticed for a hearing to take place on June 22, and Ms. Williamson was required to appear in person. *See* Dckt. Entry [88]. She, yet again, failed to do so or otherwise respond.

**Ruling**

The court finds, as it explained at the hearing, that Ms. Williamson's conduct, as an officer of the court, in repeatedly refusing to follow the court's orders is egregious. Indeed, this conduct is willful and prejudicial to the administration of justice, a violation of MISS.R.PROF'L CONDUCT 8.4 (d). Given the gravity of this matter, the court awards, as additional sanctions for counsel's misconduct, fees of an additional $1,000.00 to be paid to Mass Mutual by Ms. Williamson for the benefit of its counsel, bringing the total fees now awarded to $4,000.00. The court further orders that the total fees shall be paid in full on or before 7 days from the date of this order. If Ms. Williamson fails to pay the fees timely or otherwise seek and obtain relief from this court for inability to do so, an additional sanction of $100.00 a day will accrue, until the total is fully satisfied. The court also orders that all counsel, including Ms. Williamson, are required to research and comply with their obligation, if any, to report violations of the Mississippi Rules of Professional Conduct to the Mississippi Bar. Additionally, a recommendation will be made to the District Judge by the undersigned that Ms. Williamson not be permitted to enter any new appearance as counsel in any case in the Northern District of Mississippi for a period of 120 days from the date of an order adopting said R&R. As noted, Ms. Williamson will remain of counsel in any case where she is currently listed as counsel (assuming she does not file a motion to withdraw and such motion is granted). The recommendation will be made in the form of an R&R

4

to the District Judge, and Ms. Williamson will have an opportunity to oppose same in accordance with the rules.

So ordered this 26th day of June, 2017.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE