# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF MISSISSIPPI GREENVILLE DIVISION

| | |
|---|---|
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY | PLAINTIFF |
| V. | CIVIL ACTION NO. 4:15CV-166-DMB-JMV |
| PURVIS WILLIAM HILL, JR. | DEFENDANT |

*Consolidated With*

| | |
|---|---|
| PURVIS WILLIAM HILL, JR. | PLAINTIFF |
| V. | CIVIL ACTION NO. 4:15-CV-184-DMB-JMV |
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY AND JOHN DOES 1-3 | DEFENDANTS |

## ORDER

This matter came before the court for a hearing on this court's Order to Show Cause [91] why the conduct of Candace Williamson, outlined in the court's June 26, 2017, Order [90], does not constitute a violation of MISS.R.PROF'L CONDUCT 8.4(d) and/or why the sanction proposed therein concerning new entries of appearance by Ms. Williamson in the Northern District of Mississippi is not warranted. For the reasons detailed herein, the undersigned concludes that the subject conduct does violate MISS.R.PROF'L CONDUCT 8.4(d) and that the recommendation that Ms. Williamson not be permitted to enter a new appearance as counsel in

any case in the Northern District of Mississippi for a 120-day period from the date of an order, if any, by the District Judge adopting said R&R is warranted.[1]

### Background

These consolidated actions, filed in late 2015, involve a dispute over whether Massachusetts Mutual Life Insurance Company ("Mass Mutual") owes insurance proceeds for certain care received by Dr. Purvis William Hill, Jr., deceased. Ms. Williamson originally appeared as counsel for Dr. Hill, her father, with co-counsel who subsequently withdrew from representation, leaving Ms. Williamson as sole counsel. On or around July 26, 2016, Dr. Hill passed away. *See* Dckt. Entry [41].[2] Ms. Williamson, however, never moved to withdraw from the case.[3]

On November 15, 2016, in response to a motion of Mass Mutual for an order regarding substitution of parties [53], the court, while denying some of the relief sought, ordered, pursuant to *Webb v. Town of St. Joseph*, No. 3:12cv02644, 2016 WL 2726648, at *3 (W.D. La. May 9, 2016), that within 14 days Ms. Williamson, as counsel of record in the case, file a declaration stating: 1) whether an estate has been or will be opened and the identity of the estate's representative; 2) if no estate has been but will be opened, by what date this will occur; and 3) if no estate has been or will be opened, the identity of the decedent's legal successor(s) or representative(s). *See* Dckt. Entry [54]. Counsel was warned that failure to file such declaration in accordance with that Order may result in an appropriate sanction. *See id*.

---

[1] It is recommended, however, that Ms. Williamson be allowed to continue to serve as counsel of record in any case where she is currently appearing as counsel.

[2] Citations to the docket are made with respect to entries in the lead case, Cause No. 4:15cv166.

[3] Though Ms. Williamson is an officer of the court and remains as counsel of record in this case, her authority to take substantive action is limited as outlined in the Order of District Judge Debra Brown dated January 19, 2017 [66].

Ms. Williamson did not timely comply or otherwise respond to the court's order. Accordingly, the court set a telephonic status conference for December 9, 2016, to address counsel's failure to comply. At the conference, counsel was given an additional 3 day period to comply, and no sanctions were awarded. On December 12, 2016, Ms. Williamson filed what she styled "a suggestion of death" [56] but failed to include all of the requested information.

By Order [65] dated January 18, 2017, the undersigned denied Mass Mutual's Motion [58] which requested, among other things, that Ms. Williamson file periodic status reports detailing her efforts to have an administrator appointed for Dr. Hill's estate. Instead, the undersigned ruled that the court would hold status conferences as needed and that one such conference would be set within 10 days. The same day a telephonic status conference was set, this time for January 19, 2016. Ms. Williamson did not appear or otherwise respond. As a consequence, the court ordered Ms. Williamson to file a status report by January 24th—and at 21-day intervals–regarding certain matters relating to the estate (or proposed estate) of the deceased. *See* Dckt. Entry [67]. Ms. Williamson then filed a status report [68]; however, it did not fully comply with the requirements of the court's January 20th Order [67]. Ms. Williamson failed to file any of the subsequent reports required by the court's order.

On March 6, 2017, Mass Mutual moved for counsel to show cause why Dr. Hill's claims against it should not be dismissed for failure to prosecute or comply with court orders. *See* Dckt. Entry [69]. Mass Mutual's motion was noticed for hearing, in person, requiring Ms. Williamson's attendance. *See* Dckt. Entry [70]. Ms. Williamson, again, did not appear or otherwise respond. *See* Dckt. Entries [71 & 72]. At the hearing, the court declined to recommend dismissal but, after reducing Mass Mutual's counsel's fees incurred in connection with the motion from approximately $13,000.00 to $3,000.00, awarded the fees on account of Ms.

Williamson's repeated and flagrant failure to appear or respond in accordance with court orders. *See* Dckt. Entries [72 & 74]. Ms. Williamson was given until May 19, 2017, to pay the fees awarded, but she did not do so or otherwise seek relief from the court. As a result, on June 1, 2017, Mass Mutual moved to compel payment of the sanctions or for contempt. The motion was noticed for a hearing to take place on June 22, 2017, and Ms. Williamson was required to appear in person. *See* Dckt. Entry [88]. She, yet again, failed to do so or otherwise respond.

Given the gravity of this matter, the court entered an Order [90] on June 26, 2017, awarding as additional sanctions for counsel's misconduct, fees of an additional $1,000.00 to be paid to Mass Mutual by Ms. Williamson for the benefit of its counsel, bringing the total fees awarded to $4,000.00. The court further ordered that the total fees shall be paid in full on or before 7 days from the date of that Order. If Ms. Williamson failed to pay the fees timely or otherwise seek and obtain relief from this court for inability to do so, the undersigned ordered that an additional sanction of $100.00 a day would accrue, until the total was fully satisfied. The court also ordered that all counsel, including Ms. Williamson, were required to research and comply with their obligation, if any, to report violations of the Mississippi Rules of Professional Conduct to the Mississippi Bar.

On June 29, 2017, consistent with L.U.Civ.R. 83.1(c), this court entered an Order [91] that required a show cause hearing and allowed Ms. Williamson the opportunity to show cause why the conduct outlined in the June 26th Order did not constitute a violation of Miss.R.Prof'l Conduct 8.4(d) and/or why said sanction is unwarranted. The Order required that Ms. Williamson appear in person and gave her the opportunity to file a written response before the hearing. The hearing was set by a separate Notice [92] for July 11, 2017, at 11:00 AM.

Regrettably, Ms. Williamson neither filed a response nor appeared for the in-person hearing on July 11th. Nor did Ms. Williamson notify the court as to a reason for her absence.[4]

**Relevant Law and Analysis**

A state's rules of professional conduct "do not expressly apply to sanctions in federal courts . . . [but] a federal court may nevertheless hold attorneys accountable to the state code of professional conduct." *Resolution Trust Corp.*, 6 F.3d 336, 341 (5th Cir. 1993); *see also In re Snyder,* 472 U.S. 634, 645 n. 6 (1985); *In re Finkelstein,* 901 F.2d 1560, 1564 (11th Cir. 1990). The Fifth Circuit's "source for professional standards has been the canons of ethics developed by the American Bar Association." *Resolution Trust Corp.*, 6 F.2d at 341. Notably, Mississippi Rule of Professional Conduct 8.4(d) and the American Bar Association Rule of Professional Conduct 8.4(d) are identical. Both rules provide that "It is professional misconduct for a lawyer to: engage in conduct that is prejudicial to the administration of justice."

The U. S. Supreme Court has stated that conduct prejudicial to the administration of justice (as described in Rule 8.4(d)) is synonymous with "conduct unbecoming a member of the bar" or "conduct contrary to professional standards that show an unfitness to discharge continuing obligations to clients or the courts." *See In re Snyder*, 472 U.S. at 645. The Mississippi Supreme Court has deemed Rule 8.4(d) applicable in the context of preventing conduct of attorneys (as officers of the court) that is detrimental to orderly determination and disposition of judicial proceedings. *See Rogers v. Miss. Bar*, 731 So.2d 1158, 1170 (Miss. 1999) (citing *Howell v. State Bar of Texas*, 843 F.2d 205, 207 (5th Cir. 1988)).

---

[4] Nor, for that matter, did she bother to attend or request to be excused from the status conference also scheduled for July 11, 2017.

Ms. Williamson, as outlined above, has repeatedly failed to comply with instructions of the court related to several proceedings in this matter, and her conduct has caused the opposing party to needlessly incur fees and has unduly wasted the court's time. Ms. Williamson has been given fair notice and an opportunity to be heard. Specifically, a show cause hearing was noticed for July 11, 2017, yet Ms. Williamson, as she has done repeatedly, did not find it fit to appear for the hearing or provide the court with an excuse as to why she was unavailable. Accordingly, there is clear and convincing evidence to support a specific finding that Ms. Williamson has acted in bad faith by flagrantly failing to obey numerous orders of this court as outlined above. Such conduct by an officer of the court is prejudicial to the administration of justice in violation of Miss.R.Prof'l Conduct 8.4 (d). Further, this conduct warrants the making, by separate report, of a recommendation to the district judge assigned to the case that Ms. Williamson not be permitted to enter a new appearance as counsel in the Northern District of Mississippi for a period of 120 days from the adoption, if any, of such report and recommendation by the District Judge. No new imposition of fees will be made at this time; however, the court's prior award of monetary sanctions remains due and owing.

So ordered this, the 12th day of July, 2017.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**