IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

| | |
|---|---|
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY | PLAINTIFF |
| V. | NO. 4:15-CV-166-DMB-JMV |
| PURVIS WILLIAM HILL, JR. | DEFENDANT |

*CONSOLIDATED WITH*

| | |
|---|---|
| PURVIS WILLIAM HILL, JR. | PLAINTIFF |
| V. | NO. 4:15-CV-184-DMB-JMV |
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY; and JOHN DOES 1–3 | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER**

These consolidated cases are before the Court on Massachusetts Mutual Life Insurance Company's motion to dismiss. Doc. #79.

**I**
**Procedural History**

On August 5, 2016, approximately eight and a half months after the lead case in this action was filed, Massachusetts Mutual Life Insurance Company ("Mass Mutual") filed a "Suggestion of Death" stating that "Counsel for [Purvis William Hill, Jr.] has notified counsel for Mass Mutual that Dr. Hill passed away on July 26, 2016." Doc. #41.[1] The notice was electronically mailed to

---

[1] The Court will cite to the docket of 4:15-CV-166, the lead case in this consolidated action.

all counsel of record, including Candace Lenette Williamson, Hill's daughter and former counsel.[2]

Approximately three months later, on November 2, 2016, Mass Mutual filed a "Motion for Order Regarding Substitution of Parties." Doc. #53. The motion sought (1) an order "stating that the ninety day time limit under [Federal] Rule 25 has not yet begun to run" or, in the alternative, "an Order extending the deadline to file a motion for substitution until such time as an estate can be created for Dr. Hill and an administrator can be appointed to represent his estate;" and (2) "an Order compelling action and/or information from [Candace] Williamson." *Id*. at ¶¶ 10–13.

On November 15, 2016, United States Magistrate Judge Jane M. Virden granted Mass Mutual's motion. Doc. #54. In her order, Judge Virden held that "[t]he 90-day period for filing a motion to substitute pursuant to Rule 25 has not yet begun to run" because "[t]he suggestion of death has not been served in accordance with Rule 4 on any nonparty." *Id*. at 1. The order also directed

> that counsel of record for the decedent file a declaration in this case within 14 days of this order stating: 1) whether an estate has been or will be opened and the identity of the estate's representative; 2) if no estate has been but will be opened, by what date this will occur; and 3) if no estate has been or will be opened, the identity of the decedent's legal successor(s) or representative(s). Counsel is warned that failure to file such declaration in accordance with this order may result in an appropriate sanction.

*Id*. at 2.

Williamson did not file a declaration within the time allowed and, on December 9, 2016, Judge Virden convened a status conference "in reference to counsel['s] failure to comply with [the] prior order." Doc. #57. Following the conference, Judge Virden directed that Williamson "must file [a] declaration by 5:00 pm [on] 12/12/2016." *Id.*

---

[2] As this Court has previously explained, the death of a client terminates an attorney's authority to act on behalf of the client in the litigation. *See* Doc. #66 at 4.

On December 12, 2016, Williamson, as "Former Attorney for Dr. Purvis William Hill Jr., Deceased," filed a "Suggestion of Death of Party and Motion for Continuance." Doc. #56. In this filing, Williamson represented that Hill passed away on July 26, 2016, and that an estate for Hill was opened on or about October 17, 2016. *Id*. at 1. According to Williamson, the validity of Hill's last will and testament was challenged in the Chancery Court of Coahoma County, Mississippi. *Id*. at 2–3. Williamson asked that this matter "be stayed for a determination of who will pursue the claims of the Estate." *Id*. at 3.

On December 19, 2016, Mass Mutual filed a response, in which it "consent[ed] to a limited continuance of the deadlines in this case … to the extent such a continuance is necessary … for the proper party to be substituted for Dr. Hill." Doc. #59. On the same day it filed the response, Mass Mutual filed a motion requesting an order "requiring Candace Williamson to provide regular reports about her efforts in the Chancery Court." Doc. #58. On December 29, 2016, Williamson responded in opposition to the motion for reports, Doc. #61; and also filed a second motion to continue, Doc. #62.

On January 5, 2017, this Court reset trial in this matter for June 5, 2017. Doc. #63. Approximately two weeks later, on January 18, 2017, Judge Virden denied Mass Mutual's motion for continued status reports. Doc. #65. Also on January 18, Judge Virden noticed a telephonic conference for January 19, 2017.

On January 19, 2017, this Court issued an order staying the consolidated actions "pending a determination of who will pursue the claims of the Estate" or ninety days, whichever came first. Doc. #66. Also that day, Williamson did not appear for the scheduled telephonic conference. Accordingly, Judge Virden issued an order directing Williamson to submit periodic status reports including "details of the status of the estate proceedings in Chancery Court" and "details of efforts

3

made by Ms. Williamson to have a representative appointed for Dr. Hill's estate;" and to file the first report on January 24, 2017, and then "file an updated report every 21 days thereafter." Doc. #67.

Williamson filed a status report on January 24, 2017, which included a status of the chancery proceedings but included no details of efforts to secure a representative. Doc. #68. This filing is the only status report of record.

On March 6, 2017, Mass Mutual filed a "Motion for Entry of an Order to Show Cause," seeking an order requiring Williamson to show cause why the case should not be dismissed. Doc. #69. Judge Virden noticed the show cause motion for a March 16, 2017, hearing. Doc. #70. Williamson did not appear for the noticed hearing. *See* Doc. #71; Doc. #72.

One day after Williamson failed to appear for the show cause hearing, Judge Virden issued an order awarding Mass Mutual attorney's fees and expenses associated with its show cause motion and the subsequent hearing. Doc. #72. Mass Mutual submitted its itemization of fees on March 24, 2017. Doc. #73.

On April 4, 2017, Judge Virden approved a $3,000 fee award and directed Williamson to pay such amount by May 19, 2017. Doc. #74.

On April 21, 2017, Mass Mutual, citing Williamson's repeated misconduct, filed the instant motion to dismiss. Doc. #79. Approximately two weeks later, on May 1, 2017, Williamson filed a motion to join Hill's estate in this action. Doc. #82. On May 4, 2017, Judge Virden denied the motion for joinder "[f]or a myriad of reasons, including the fact that … Williamson only has authority to seek extensions of time in this matter." Doc. #83. In the same order, Judge Virden stayed the consolidated actions "until the earlier of 60 days from this date or appointment of an administrator [of the Estate]." *Id*.

Williamson failed to pay the $3,000 fee by the ordered date and Mass Mutual, on June 1, 2017, filed a motion to compel the payment. Doc. #87. This motion was noticed for a hearing on June 22, 2017. Doc. #88. Williamson did not appear for the June 22, 2017, hearing.

On June 26, 2017, Judge Virden awarded Mass Mutual an additional $1,000 in fees and directed Williamson to pay the total $4,000 amount within seven days of the order. Doc. #90. The order provided that failure to do so would result in an additional sanction of one hundred dollars a day.

Three days later, on June 29, 2017, Judge Virden ordered Williamson to show cause why she should not be barred from entering a new appearance in the Northern District of Mississippi for a 120-day period. Doc. #91. Consistent with this opinion, Judge Virden scheduled a show cause hearing for July 11, 2017. Doc. #92. Williamson failed to appear for the July 11, 2017, hearing.

On July 12, 2017, Judge Virden issued a report and recommendation recommending that Williamson be barred from entering new appearances in this District for a 120-day period. Doc. #96. Williamson did not object to the report and recommendation. Accordingly, the undersigned adopted the report and recommendation on July 31, 2017. Doc. #98.

On October 11, 2017, Mass Mutual filed a motion representing that Williamson and Sammy Ellis had been appointed co-executors of Hill's estate. Doc. #100. The motion sought substitution of Williamson and Ellis as parties. *Id*. Judge Virden granted this motion on November 7, 2017. Doc. #101.

**II**
**Analysis**

Mass Mutual's motion to dismiss asserts that "Dr. Hill's claims in this action are … due to be dismissed for failure to prosecute under Rule 41(b), failure to comply with the substitution

requirements of Rule 25, lack of a real party in interest under Rule 17, and as a sanction under the Court's inherent authority to control its docket." Doc. #79 at 4.

### A. Federal Rule 17

Federal Rule 17(a)(1) requires that "[a]n action … be prosecuted in the name of the real party in interest." Rule 17(a)(3) provides that an action may be dismissed for failure to prosecute in the name of the real party in interest if "a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." However, Rule 17(a) only applies where a loss or transfer of interest occurred before the filing of a lawsuit. *See Veverica v. Drill Barge Buccaneer No. 7*, 488 F.2d 880, 886–87 (5th Cir. 1974) (dismissal under Rule 17(a) inappropriate where transfer of interest occurred two days after filing of lawsuit); *Barker v. Jackson Nat'l Life Ins. Co.*, 163 F.R.D. 364 (N.D. Fla. 1995) ("Rule 17(a) governs transfers of interest prior to the commencement of the action …."). Accordingly, an action may be dismissed under Rule 17(a) only if there was no real party in interest at the time the action commenced. *See Veverica*, 488 F.2d at 886 (noting "[d]ismissal might be justified upon a finding that assignment occurred prior to filing").

There is no dispute that Hill was the real party in interest at the time these consolidated actions commenced. Accordingly, dismissal pursuant to Rule 17(a) is inappropriate.[3]

### B. Federal Rule 41(b)

Federal Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these

---

[3] In support of its request to dismiss under Rule 17, Mass Mutual cites *Wilson v. Novartis Pharmaceuticals Corp.*, 575 F. App'x 296, 299 (5th Cir. 2014), for the proposition that dismissal may be appropriate "when there is no proper plaintiff to prosecute the claims of the decedent and when the decedent's heirs have failed to take appropriate steps to be named the legal representative of the decedent's estate." Doc. #79 at 6. *Wilson*, however, involved a dismissal under Rule 25, not Rule 17. *See* 575 F. App'x at 299. Furthermore, to the extent *Wilson* appears to hold that valid service is not a prerequisite to dismissal under Rule 25, such holding, as discussed below, is inconsistent with binding Fifth Circuit to the contrary.

6

rules or a court order, a defendant may move to dismiss the action or any claim against it." Mass Mutual contends that, based on Williamson's failures to comply with the Court's orders, dismissal with prejudice is "an appropriate exercise of the Court's authority to dismiss a matter pursuant to Rule 41(b) for failure to prosecute." Doc. #79 at 5, 7.

To dismiss a claim with prejudice under Rule 41(b), there must be at least (1) "a clear record of delay or contumacious conduct by the plaintiff," and (2) a finding "that lesser sanctions would not prompt diligent prosecution" or a record showing "that the district court employed lesser sanctions that proved to be futile." *Tello v. Comm'r of Internal Revenue*, 410 F.3d 743, 744 (5th Cir. 2005). Additionally, the Fifth Circuit has observed that it "generally will affirm a dismissal only if [it] find[s] at least one of three aggravating factors: (1) delay caused by the plaintiff himself; (2) actual prejudice to the defendant; or (3) delay as a result of … intentional conduct." *Id*.

Mass Mutual's motion seeks dismissal based only on conduct and delay on Williamson's part *after* the plaintiff's death. Because death terminates an attorney-client relationship,[4] such acts and omissions by Williamson cannot support a finding of a clear record of delay or contumacious conduct *by the plaintiff. See generally Kasting v. Am. Family Mut. Ins. Co.*, 196 F.R.D. 595, 598 (D. Kan. 2000) (acts taken by attorney on behalf of client after client's death are nullities). Furthermore, Mass Mutual has identified no actual prejudice resulting from the delay. And, while there can no doubt there have been delays in this action, the vast majority of the delays appear attributable to the time taken by the chancery court in deciding the proper representative of Hill's estate. While the delay in the chancery court may be attributable to Williamson, such is not apparent from the record. Accordingly, the Court concludes that the delay in this action is not attributable to intentional conduct. Under these circumstances, a Rule 41(b) dismissal is

---

[4] *In re Estate of Pickett*, 879 So.2d 467, 470 (Miss. Ct. App. 2004).

inappropriate.

## C. Inherent Authority to Sanction

"A district court has the inherent authority to impose sanctions in order to control the litigation before it. The court may also use that power to sanction conduct if it is in direct defiance of the sanctioning court or constitutes disobedience to the orders of the Judiciary." *Positive Software Sols., Inc. v. New Century Mortg. Corp.*, 619 F.3d 458, 460 (5th Cir. 2010) (quotation marks and citations omitted). "It is well-settled that a federal court, acting under its inherent authority, may impose sanctions against litigants or lawyers appearing before the court so long as the court makes a specific finding that they engaged in bad faith conduct." *In re Yorkshire, LLC*, 540 F.3d 328, 332 (5th Cir. 2008). Dismissal under a court's inherent authority should be "confined to instances of bad faith or willful abuse of the judicial process." *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1417 (5th Cir. 1995) (quotation marks omitted).

As explained above, all misconduct on Williamson's part occurred after her representation of Hill ended. Her misconduct then cannot be attributed to Hill. Because no conduct attributable to Hill may be deemed bad faith or a willful abuse of the judicial process, dismissal under this Court's inherent authority is also inappropriate.

## D. Rule 25

Federal Rule of Civil Procedure 25(a)(1) provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

The Fifth Circuit has made clear that "in order for the ninety-day deadline to run under Rule 25, the suggestion of death must have been personally served on the deceased-plaintiff's estate

pursuant to Rule 4." *Sampson v. ASC Indus.*, 780 F.3d 679, 682 (5th Cir. 2015).

Mass Mutual, citing *Lewis v. Flowers*, No. 1:15-cv-116, 2016 WL 7265046, at *3 (S.D. Miss. Dec. 15, 2016), argues that "this Court should find that MassMutual's service of the Suggestion of Death on Candace Williamson, Dr. Hill's daughter and heir, is sufficient to satisfy the service requirements of Rule 25." Doc. #79 at 5.

In *Lewis*, a federal judge in the Southern District of Mississippi held that Rule 25(a)'s ninety-day period began to run when the defendant "unable to locate an estate for Plaintiff, … serve[d] the Suggestion of Death on Plaintiff's daughter." 2016 WL 7265046, at *3 (record citation omitted). Here, unlike in *Lewis*, there is, and has been, an estate to serve. Under Fifth Circuit law, Mass Mutual was required to serve the estate to begin the ninety-day period. *Sampson*, 780 F.3d at 682. There is no dispute that Mass Mutual never served the estate. Accordingly, the ninety-day period never commenced and dismissal under Rule 25(a) is inappropriate.

### III
### Conclusion

For the reasons above, Mass Mutual's motion to dismiss [79] is **DENIED without prejudice**.[5]

**SO ORDERED**, this 6th day of December, 2017.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[5] No later than fourteen days from the issuance of this order, Mass Mutual may file a renewed motion addressing the impact, if any, Williamson's subsequent substitution as a party has on the above analysis.