# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

| | |
|---|---|
| **MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY** | **PLAINTIFF** |
| V. | NO. 4:15-CV-166-DMB-JMV |
| **PURVIS WILLIAM HILL, JR.** | **DEFENDANT** |

*CONSOLIDATED WITH*

| | |
|---|---|
| **PURVIS WILLIAM HILL, JR.** | **PLAINTIFF** |
| V. | NO. 4:15-CV-184-DMB-JMV |
| **MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY and JOHN DOES 1–3** | **DEFENDANTS** |

## ORDER

These consolidated actions each involve the same issue—whether Massachusetts Mutual Life Insurance Company ("Mass Mutual") is obligated to pay benefits on a policy formerly held by Purvis William Hill, Jr., now deceased. The lead case, civil action number 4:15-cv-166 ("166 Action"), is a declaratory judgment action brought by Mass Mutual against the co-executors of Hill's estate seeking a declaration that it is not obligated to pay benefits under the policy. The other case, civil action number 4:15-cv-184 ("184 Action"), is an action brought by the co-executors against Mass Mutual for wrongful denial of benefits under the policy.

On July 10, 2018, this Court entered an order in these consolidated actions dismissing with prejudice the claims brought by the plaintiffs in the 184 Action. Doc. #119. Following the dismissal, the Court directed Mass Mutual to show cause "why its motion for summary judgment should not be denied as moot, and why its claim for declaratory judgment, which was premised on

the controversy related to Hill's claims for benefits, should not be dismissed for lack of jurisdiction." *Id*. at 8.

On July 24, 2018, Mass Mutual responded to the show cause order, stating:

MassMutual states that it has no objection to the denial of its motion for summary judgment as moot or to the dismissal of its declaratory judgment action for lack of jurisdiction in light of the Court's prior Order of dismissal.

MassMutual respectfully requests this Court to enter a final Order in this matter, taxing costs against Candace L. Williamson and Sammy J. Ellis, as Co-Executors of the Estate of Purvis William Hill, Jr., and stating that Judge Virden's Sanctions Order of June 26, 2017 (doc. 90) remains in full force and effect against Ms. Williamson.

Doc. #120. On August 9, 2018, Mass Mutual filed a bill of costs itemizing total costs of $5,104.85. Doc. #121.

Insofar as Mass Mutual has conceded this Court lacks subject matter jurisdiction over its declaratory claim, the 166 Action is **DISMISSED** for lack of jurisdiction. This dismissal does not alter the force or effect of the June 26, 2017, sanctions order entered in this action. *See Fleming & Assocs. v. Newby & Tittle*, 529 F.3d 631, 637 (5th Cir. 2008) ("[A] district court always has jurisdiction to impose sanctions designed to enforce its own rules, even after the court no longer has jurisdiction over the substance of [the] case.").

Additionally, the Court, in the exercise of its discretion, concludes that Mass Mutual, for the purpose of taxing costs, should be deemed the prevailing party in these consolidated actions because the central issue of the consolidated cases—its liability under the policy—was resolved in its favor. *See Ortho-McNeil Pharm., Inc. v. Mylan Labs. Inc.*, 569 F.3d 1353, 1357 (Fed. Cir. 2009) ("As a general rule, it is well established that in multiparty proceedings before a single judge (as where multiple losing parties are joined in one case, or where multiple cases are consolidated into a single proceeding), the district court has discretion to apportion payment of jointly incurred

costs among the losing parties or to invoke the default rule that the losing parties are jointly and severally liable for costs.") (footnote omitted); *see also Fortunet, Inc. v. Melange Comput. Servs.*, No. 2:04-cv-1448, 2007 WL 173863, at *2 (D. Nev. Jan. 17, 2007) (Ninth Circuit case law "suggests that once a case is formally consolidated, prevailing party status depends on the outcome of the consolidated cases as a whole"). Accordingly, Mass Mutual is entitled to its costs.

**SO ORDERED**, this 14th day of August, 2018.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**