**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**MASSACHUSETTS MUTUAL LIFE**                                              **PLAINTIFF**
**INSURANCE COMPANY**

**V.**                                                          **NO. 4:15-CV-166-DMB-JMV**

**CANDACE L. WILLIAMSON and**
**SAMMY J. ELLIS, as co-executors of the**
**Estate of Purvis William Hill, Jr.**                                        **DEFENDANTS**

*CONSOLIDATED WITH*

**CANDACE L. WILLIAMSON and**                                              **PLAINTIFFS**
**SAMMY J. ELLIS, as co-executors of the**
**Estate of Purvis William Hill, Jr.**

**V.**                                                          **NO. 4:15-CV-184-DMB-JMV**

**MASSACHUSETTS MUTUAL LIFE**                                              **DEFENDANTS**
**INSURANCE COMPANY and JOHN**
**DOES 1–3**

## ORDER

In these consolidated cases involving the question of coverage under a long-term care insurance policy, before the Court is Massachusetts Mutual Life Insurance Company's motion for civil contempt and for entry of judgment against Candace Williamson, attorney of record for the Estate of Purvis William Hill, Jr. Doc. #123. Because the motion fails to provide sufficient evidence for the contempt holding it seeks, and because the amount of the requested judgment appears inconsistent with applicable law, the Court requests additional briefing and evidence.

**I**
## Relevant Procedural History

On March 6, 2017, Massachusetts Mutual Life Insurance Company ("Mass Mutual"), invoking Federal Rules of Civil Procedure 17, 25, and 41, and the Court's inherent power to

sanction, filed a "Motion for Entry of an Order to Show Cause," asking the Court to require Candace Williamson to show cause why these cases should not be dismissed for her failure to comply with various court orders. Doc. #69. United States Magistrate Judge Jane M. Virden noticed the show cause motion for a March 16, 2017, hearing. Doc. #70. Williamson did not appear for the noticed hearing. *See* Doc. #71.

One day after Williamson failed to appear for the show cause hearing, Judge Virden issued an order awarding Mass Mutual attorney's fees and expenses associated with its show cause motion and the subsequent hearing. Doc. #72. Judge Virden found sanctions justified by Williamson's "unprofessional and reprehensible" "flagrant disregard of this court's orders …." *Id.* at 2.

Mass Mutual submitted its itemization of fees on March 24, 2017. Doc. #73. On April 4, 2017, Judge Virden approved a $3,000 fee award and directed Williamson to pay such amount by May 19, 2017. Doc. #74. When Williamson failed to pay the $3,000 fee by the ordered date, Mass Mutual, on June 1, 2017, filed a motion to compel the payment. Doc. #87. Judge Virden noticed the motion for a June 22, 2017, hearing. Doc. #88. Williamson did not appear for the hearing. *See* Doc. #90 at 4.

On June 26, 2017, Judge Virden issued an order stating:

> The court finds, as it explained at the hearing, that Ms. Williamson's conduct, as an officer of the court, in repeatedly refusing to follow the court's orders is egregious. Indeed, this conduct is willful and prejudicial to the administration of justice, a violation of MISS.R.PROF'L CONDUCT 8.4 (d). Given the gravity of this matter, the court awards, as additional sanctions for counsel's misconduct, fees of an additional $1,000.00 to be paid to Mass Mutual by Ms. Williamson for the benefit of its counsel, bringing the total fees now awarded to $4,000.00. The court further orders that the total fees shall be paid in full on or before 7 days from the date of this order. If Ms. Williamson fails to pay the fees timely or otherwise seek and obtain relief from this court for inability to do so, an additional sanction of $100.00 a day will accrue, until the total is fully satisfied.

*Id.* at 4.

The Estate's claims were subsequently dismissed as a sanction for Williamson engaging "in contumacious conduct by flagrantly disregarding numerous orders of the Court." Doc. #119 at 7–8. Mass Mutual's claim for a declaratory judgment were dismissed as moot. Doc. #122.

On April 10, 2019, Mass Mutual filed a motion to hold Candace Williamson in contempt of court and to enter judgment against "Williamson in favor of MassMutual in the amount of $68,600.00," with such award to increase at a rate of a $100.00 per day. Doc. #123 at 6. At Judge Virden's direction, Mass Mutual filed a supplemental brief in support of its motion. Doc. #126. Williamson did not respond to the motion or the supplemental brief.

## II
## Analysis

To justify a finding of civil contempt, a "movant must establish by clear and convincing evidence that (1) a court order was in effect, (2) the order required specified conduct by the respondent, and (3) the respondent failed to comply with the court's order." *United States v. City of Jackson*, 359 F.3d 727, 731 (5th Cir. 2004). "Once the movant has shown a prima facie case, the burden falls on the violating party to 'show either mitigating circumstances that might cause the district court to withhold the exercise of its contempt power, or substantial compliance with the … order.'" *Little Tchefuncte River Assoc. v. Artesian Util. Co., Inc.*, 155 F. Supp. 3d 637, 657 (E.D. La. 2015) (quoting *Petroleos Mexicanos v. Crawford Enters.*, 826 F.2d 392, 401 (5th Cir. 1987)).

There is no question that the June 26, 2017, order represents a valid court order or that the order required specific conduct by Williamson (the payment of sanctions by July 3). As to the third element, Mass Mutual argues, but presents no competent evidence to show, that "Williamson failed to make … payment within the time set by the [June 26] Order, and now, nearly two years

later … has still failed to make any such payment." Doc. #123 at 5.

While there is no dispute Williamson failed to make the required payment by the July 3 deadline set by Judge Virden,[1] and may be held in contempt for such failure, it appears Mass Mutual seeks contempt (and specific sanctions) based on Williamson's *ongoing* failure to pay. *See generally Taylor v. Teledyne Techs., Inc.*, 338 F. Supp. 2d 1323, 1346 (N.D. Ga. 2004) ("[W]hereas criminal contempt proceedings look back at past violations of an order and issue sanctions for this past disobedience, civil contempt proceedings look forward and, for the most part, offer the prospect of sanctions only if further, future violations occur.") (footnote omitted); *McNeal v. Tate Cty. Sch. Dist.*, No. 2:70-cv-29, 2016 WL 7156554, at *13 (N.D. Miss. Dec. 7, 2016) (ongoing nature of contempt impacts remedies available). To this end, Mass Mutual has introduced no evidence, much less "clear and convincing" evidence, which would show that Williamson, *at the time the motion was filed*, failed to comply with her obligations under Judge Virden's order. More fundamentally, it does not appear Mass Mutual is entitled to the bulk of the money it seeks.

Judge Virden's orders regarding fees did not specify the authority for the sanctions. However, given Williamson's constant violation of court orders, Judge Virden's reference to "willful and prejudicial" conduct, combined with the lack of reference to any specific authority, suggests an intention to sanction under a court's inherent power to control bad faith conduct. *See In re Sealed Appellant*, 194 F.3d 666, 671 (5th Cir. 1999) ("When bad faith is patent from the record and specific findings are unnecessary to understand the misconduct giving rise to the sanction, the necessary finding of 'bad faith' may be inferred."). "As inherent powers are shielded from direct democratic controls, they must be exercised with restraint and discretion." *In re U.S. Bureau of Prisons*, 918 F.3d 431, 438 (5th Cir. 2019) (quotation marks omitted). When assessing

---

[1] *See* Doc. #97.

fees to an opposing party, a court invoking its inherent power "may go no further than to redress the wronged party for losses sustained." *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017) (quotation marks omitted). However, a court may levy a *fine to be paid to the Clerk of Court*, to address misconduct. *See NASCO, Inc. v. Calcasieu Television & Radio, Inc.*, 894 F.2d 696, 702 (5th Cir. 1990) (inherent power includes "imposition of fines"); *Steeger v. JMS Cleaning Servs., LLC*, No. 17cv8013, 2018 WL 1363497, at *2 (S.D.N.Y. Mar. 15, 2018) (*Goodyear Tire* did not prevent imposition of fine).

In view of the authority above, Mass Mutual, within fourteen (14) days of this order, shall submit (1) evidence showing an ongoing violation of a court order by Williamson; and (2) a supplemental brief addressing the extent, if any, it is entitled to sanctions over and above the $3,000 Judge Virden found to represent the fees associated with Williamson's conduct. Williamson may respond to the evidence and briefing on or before October 29, 2019.

**SO ORDERED**, this 8th day of October, 2019.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**