IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

| | |
|---|---|
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY | PLAINTIFF |
| V. | NO. 4:15-CV-166-DMB-JMV |
| CANDACE L. WILLIAMSON and SAMMY J. ELLIS, as co-executors of the Estate of Purvis William Hill, Jr. | DEFENDANTS |

*CONSOLIDATED WITH*

| | |
|---|---|
| CANDACE L. WILLIAMSON and SAMMY J. ELLIS, as co-executors of the Estate of Purvis William Hill, Jr. | PLAINTIFFS |
| V. | NO. 4:15-CV-184-DMB-JMV |
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY and JOHN DOES 1–3 | DEFENDANTS |

**ORDER**

Before the Court is Massachusetts Mutual Life Insurance Company's motion for civil contempt and for entry of judgment against Candace Williamson, attorney of record for the Estate of Purvis William Hill, Jr. Doc. #123.

**I**
**Relevant Procedural History**

On March 6, 2017, Massachusetts Mutual Life Insurance Company ("Mass Mutual"), invoking Federal Rules of Civil Procedure 17, 25, and 41, and the Court's inherent power to sanction, filed a "Motion for Entry of an Order to Show Cause," asking the Court to require Candace Williamson to show cause why these consolidated cases should not be dismissed for her failure to comply with various court orders. Doc. #69. United States Magistrate Judge Jane M.

Virden noticed the show cause motion for a March 16, 2017, hearing. Doc. #70. Williamson did not appear for the hearing. *See* Doc. #71. The next day, Judge Virden issued an order awarding Mass Mutual attorney's fees and expenses associated with its show cause motion and the subsequent hearing. Doc. #72. Judge Virden found sanctions justified by Williamson's "unprofessional and reprehensible" "flagrant disregard of this court's orders …." *Id.* at 2.

Mass Mutual submitted an itemization of fees on March 24, 2017, in the amount of $12,913.46. Doc. #73. On April 4, 2017, noting "the subject [of] the motions concerned was not complex, and the motions were granted only in part," Judge Virden approved a $3,000 fee award and directed Williamson to pay such amount by May 19, 2017. Doc. #74. Mass Mutual did not object to the reduced fee award.

When Williamson failed to pay the $3,000 fee award by the ordered date, Mass Mutual, on June 1, 2017, filed a motion to compel the payment or, in the alternative, to hold Williamson in contempt. Doc. #87. Judge Virden noticed the motion for a June 22, 2017, hearing. Doc. #88. Williamson did not appear for the hearing. *See* Doc. #90 at 4.

On June 26, 2017, Judge Virden issued an order stating:

> The court finds, as it explained at the hearing, that Ms. Williamson's conduct, as an officer of the court, in repeatedly refusing to follow the court's orders is egregious. Indeed, this conduct is willful and prejudicial to the administration of justice, a violation of MISS.R.PROF'L CONDUCT 8.4 (d). Given the gravity of this matter, the court awards, as additional sanctions for counsel's misconduct, fees of an additional $1,000.00 to be paid to Mass Mutual by Ms. Williamson for the benefit of its counsel, bringing the total fees now awarded to $4,000.00. The court further orders that the total fees shall be paid in full on or before 7 days from the date of this order. If Ms. Williamson fails to pay the fees timely or otherwise seek and obtain relief from this court for inability to do so, an additional sanction of $100.00 a day will accrue, until the total is fully satisfied.

*Id.* at 4.

The Estate's claims were subsequently dismissed by the undersigned as a sanction for

Williamson engaging "in contumacious conduct by flagrantly disregarding numerous orders of the Court." Doc. #119 at 7–8. Mass Mutual's complaint for a declaratory judgment was dismissed as moot. Doc. #122. In the order of dismissal, this Court specifically noted that it retained jurisdiction over the ongoing sanctions issue. *See id.* at 2.

On April 10, 2019, Mass Mutual filed a motion asking the Court to hold Candace Williamson in civil contempt and to enter judgment against "Williamson in favor of MassMutual in the amount of $68,600.00," with such award to increase at a rate of a $100.00 per day.[1] Doc. #123 at 6. At Judge Virden's direction, Mass Mutual filed a supplemental brief in support of its motion. Doc. #126. At the undersigned's direction, Mass Mutual filed a second supplemental brief. Doc. #129. Despite having the opportunities to do so, Williamson did not respond to the motion or either supplemental brief.

## II
## Analysis

Mass Mutual seeks two forms of relief—a finding that Williamson is in civil contempt for failing to comply with the June 26, 2017, order, and a judgment in its favor for outstanding sanctions.[2]

### A. Civil Contempt

"[I]t is firmly established that the power to punish for contempts is inherent in all courts."

---

[1] In violation of Local Civil Rule 7(b), the motion exceeds four pages, contains legal argument and citations, and is not accompanied by a memorandum brief. Given the present posture of these consolidated cases, however, these failures are excused.

[2] The motion was filed pursuant to Federal Rule of Civil Procedure 70. Doc. #123 at 1. Rule 70(e) authorizes a court to hold in contempt a party who has refused to comply with a judgment. Because the basis for Mass Mutual's motion is a court order directing the payment of attorney's fees—not a judgment—Rule 70(e) is inapplicable. Even if the order could be deemed a judgment (which it is not), numerous "[c]ases … hold that a party may not enforce a money judgment … by means of a contempt citation." *Olson v. Desserts on the Blvd., LLC*, No. 4:12-cv-1629, 2014 WL 307144, at *3 (E.D. Mo. Jan. 28, 2014) (collecting cases). Nevertheless, as discussed below, the Court has inherent authority to issue contempt citations.

3

*Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (quotation marks omitted). To justify a finding of civil contempt, a "movant must establish by clear and convincing evidence that (1) a court order was in effect, (2) the order required specified conduct by the respondent, and (3) the respondent failed to comply with the court's order." *United States v. City of Jackson*, 359 F.3d 727, 731 (5th Cir. 2004). "Once the movant has shown a prima facie case, the burden falls on the violating party to 'show either mitigating circumstances that might cause the district court to withhold the exercise of its contempt power, or substantial compliance with the … order.'" *Little Tchefuncte River Assoc. v. Artesian Util. Co., Inc.*, 155 F. Supp. 3d 637, 657 (E.D. La. 2015) (quoting *Whitfield v. Pennington*, 832 F.2d 909, 914 (5th Cir. 1987)). If a party is found to be in civil contempt, a court may sanction "to coerce compliance … or to compensate … for the … violation." *In re White-Robinson*, 777 F.3d 792, 795 (5th Cir. 2015) (quoting *In re Terrebonne Fuel & Lube, Inc.*, 108 F.3d 609, 612 (5th Cir. 1997)).

There is no question that the June 26, 2017, order represents a valid court order[3] or that the order required specific conduct by Williamson (the payment of sanctions by July 3). Furthermore, Mass Mutual has submitted unchallenged evidence that Williamson has failed to pay the sanctions ordered by Judge Virden. Doc. #129-1. Thus, Williamson is in contempt.

### B. Sanctions Judgment

A sanctions award may be reduced to a judgment if the sanctioned party has failed to pay the sanctions despite being provided the opportunity to do so. *See Moore v. Harris*, 600 F. App'x 201, 204–05 (5th Cir. 2015). Because, for the reasons below, the Court intends to order additional sanctions which Williamson has not had the opportunity to pay, reduction to judgment at this point

---

[3] As explained below, certain terms of the June 26, 2017, order appear to be erroneous. *See* Doc. #90. However, this does not excuse Williamson's non-compliance. To the contrary, "an order issued by a court with jurisdiction over the subject matter and person must be obeyed by the parties until it is reversed by orderly and proper proceedings." *United States v. United Mine Works of Am.*, 330 U.S. 258, 293 (1947).

4

is unwarranted. Accordingly, the request to reduce the sanctions to judgment will be denied without prejudice.

### C. Sanctions Amount

Mass Mutual's motion seeks reduction to judgment of (1) the $3,000 fee award approved by Judge Virden on April 4, 2017; (2) the additional $1,000 in fees awarded by Judge Virden in the June 26, 2017, order; and (3) the $100 per day of additional sanctions authorized by the June 26 order, calculated from July 4, 2017 (the date the sanctions began), until the date of judgment. Judge Virden's orders regarding fees did not specify the authority for the sanctions. However, given that magistrate judges ordinarily lack authority to enter civil contempt[4] and that Judge Virden specifically referred to "willful and prejudicial" conduct, Doc. #90 at 4, the Court presumes an intent to sanction under a court's inherent power to control bad-faith or abusive conduct.

In addition to the inherent power of contempt, federal courts retain the inherent power to sanction abuse of the judicial process. *Manez v. Bridgestone Firestone N. Am. Tire, LLC*, 533 F.3d 578, 591 (7th Cir. 2008) ("[C]ourts retain inherent power to punish the full range of litigation abuses. This power is distinct from the contempt power.") (citation omitted). While sanctions under this power do not require a violation of a court order (as would a sanction based on civil contempt),[5] they ordinarily require a specific finding of bad faith on the part of the party to be sanctioned. *In re Sealed Appellant*, 194 F.3d 666, 671 (5th Cir. 1999). However, this finding may be inferred "[w]hen bad faith is patent from the record …." *Id*. Sanctions imposed under this power should serve one of two purposes "vindicating judicial authority without resort to the more drastic sanctions available for contempt of court and making the [other] party whole for expenses

---

[4] *See* 28 U.S.C. § 636(e) (setting forth limits of magistrate judge contempt authority).

[5] *United States v. City of Jackson*, 359 F.3d 727, 735 n.25 (5th Cir. 2004).

caused by his opponent's obstinacy." *Chambers*, 501 U.S. at 46. In choosing a sanction, a court "must employ the least possible power adequate to the end proposed." *In re Carroll*, 850 F.3d 811, 814 (5th Cir. 2017).

When assessing fees *to an opposing party*, a court invoking its inherent power to sanction bad-faith conduct "may go no further than to redress the wronged party for losses sustained." *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017) (quotation marks omitted). However, a court may levy *a fine to be paid to the Clerk of Court*, to address misconduct. *See Steeger v. JMS Cleaning Servs., LLC*, No. 17cv8013, 2018 WL 1363497, at *2 (S.D.N.Y. Mar. 15, 2018) (*Goodyear Tire* did not prevent imposition of fine under court's inherent power).

Applying the above standard, the $3,000 initial fee assessment, which was indisputably tied to the actual loss suffered by Mass Mutual, was properly imposed. However, it is unclear from the record how Judge Virden reached the $1,000 fee imposed in her June 26, 2017, order. In the absence of any indication that the $1,000 represents the losses sustained by Mass Mutual, this Court finds the sanction inappropriate.[6] *Haeger*, 137 S. Ct. at 1186. Likewise, there is no indication that Mass Mutual was suffering damages of $100 per day based on Williamson's failure to pay the sanctions as ordered. Accordingly, it may not be characterized as a compensatory sanction. Furthermore, while the Fifth Circuit has approved the use of per diem sanctions for coercive purposes following a finding of civil contempt,[7] neither it nor any other court appears to have employed such sanctions in the absence of a contempt finding. Thus, the sanction may not be said to serve the purpose of avoiding more drastic contempt-type sanctions. Because the per

---

[6] As set forth above, the Court retained jurisdiction to enforce the terms of the June 26, 2017, order. This retention of jurisdiction necessarily implies the ability to determine the way the order is enforced.

[7] *In re White-Robinson*, 777 F.3d 792 (5th Cir. 2015).

6

diem sanction would advance neither of the purposes of an inherent authority sanction, the Court declines to enforce the per diem award.[8] *See generally Chambers*, 501 U.S. at 46.

Having determined that the $1,000 in additional fees and the $100 per diem sanction were improper, the question becomes what sanctions are warranted here. In answering this question, the Court begins by noting that while it finds the sum of $1,000 to be unfounded, the Court agrees with Judge Virden that Mass Mutual is entitled to compensation for the losses it sustained in seeking to vindicate its rights to the $3,000 Judge Virden initially awarded on April 4, 2017. The Court also believes that, notwithstanding the lack of support for the specific sums awarded by the June 26, 2017, order, Mass Mutual is entitled to compensation for the losses it sustained in seeking to enforce such order. Necessarily, this includes the costs associated with filing this motion.

Mass Mutual will be provided an opportunity to supplement the record to establish the amount of its losses identified above. Williamson will be granted an opportunity to respond to such supplementation. Thereafter, the Court will issue an order and corresponding judgment setting forth the total amount of compensatory sanctions. Should Williamson fail to pay such sanctions, severe coercive sanctions will be imposed.

In the interim, Williamson is in contempt of court for her failure to pay the $3,000 fee award ordered by Judge Virden. Given this failure, the coercive sanctions detailed below will issue.

### III
### Conclusion

In accordance with the findings above:

1. Mass Mutual's motion for contempt and judgment [123] is **GRANTED in Part**

---

[8] The subsequent entry of contempt does not retroactively justify the per diem sanctions. *See Walling v. Crane*, 158 F.2d 80, 83 (5th Cir. 1946) ("Civil contempt is coercive *and looks to the future*.") (emphasis added).

**and DENIED without prejudice in Part**.  The motion is GRANTED to the extent it seeks civil contempt against Williamson.  The motion is DENIED without prejudice to the extent it seeks entry of judgment in Mass Mutual's favor.

2. Candace Williamson is held in **CIVIL CONTEMPT** of this Court.

3. Williamson is **ORDERED** to pay to Mass Mutual $3,000 in fees within twenty-four hours of the entry of this order.  Williamson's failure to comply with this order will result in sanctions in the amount of $100 per day, payable to the Clerk of the Court of the United States District Court for the Northern District of Mississippi.

4. Within seven (7) days of this order, Mass Mutual may submit additional documentation showing its actual losses caused by Williamson's misconduct.  Williamson shall have seven (7) days to respond.

**SO ORDERED**, this 26th day of December, 2019.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**