IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

| | |
|---|---|
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY | PLAINTIFF |
| V. | NO. 4:15-CV-166-DMB-JMV |
| CANDACE L. WILLIAMSON and SAMMY J. ELLIS, as co-executors of the Estate of Purvis William Hill, Jr. | DEFENDANTS |

*CONSOLIDATED WITH*

| | |
|---|---|
| CANDACE L. WILLIAMSON and SAMMY J. ELLIS, as co-executors of the Estate of Purvis William Hill, Jr. | PLAINTIFFS |
| V. | NO. 4:15-CV-184-DMB-JMV |
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY and JOHN DOES 1–3 | DEFENDANTS |

**ORDER**

On April 4, 2017, United States Magistrate Judge Jane M. Virden issued an order directing Candace Williamson to pay to Massachusetts Mutual Life Insurance Company ("Mass Mutual") attorney's fees in the amount of $3,000. Doc. #74. On December 26, 2019, this Court, on Mass Mutual's motion, found Williamson in civil contempt due to her failure to pay the $3,000, and directed Mass Life to submit documentation showing the losses it sustained in seeking to enforce the April 4 order. Doc. #130. Mass Mutual submitted the required documentation on January 2, 2020. Doc. #131. Mass Mutual's submission shows that it incurred $17,613.50 in attorney's fees, representing 59.2 hours of work, in its attempt to enforce Judge Virden's order. Doc. #131-1 at 9.

Despite being provided an opportunity to do so, Williamson did not respond to Mass Life's submission.

Sanctions for civil contempt must be coercive or compensatory. *In re White-Robinson*, 777 F.3d 792, 795 (5th Cir. 2015). To be compensatory, attorney's fees must *reasonably* compensate the party in its efforts to seek enforcement of the violated order. *See In re Skyport Glob. Commc'ns, Inc.*, 661 F. App'x 835, 842 (5th Cir. 2016) (affirming contempt sanction where it "reasonably compensate[d]" party).

> The calculation of attorney's fees involves a well-established process. First, the court calculates a lodestar fee by multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers. The court then considers whether the lodestar figure should be adjusted upward or downward depending on the circumstances of the case. In making a lodestar adjustment the court should look to twelve factors, known as the Johnson factors, after *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974). The factors are: (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998) (cleaned up).

Mass Mutual's fee request involves four separate hourly rates: (1) a $400 hourly rate for Thomas Woodall, an attorney with more than thirty years of experience; (2) a $385 hourly rate for Kristen Cross, an attorney with twenty years of experience; (3) a $285 hourly rate for Alyse Windsor, an attorney with four years of experience; and (4) a $150 hourly rate for Deana Breckenridge, a paralegal. The Court concludes that these rates, while on the high end, are reasonable, given the experience of the legal professionals involved. *See Olivia Y. v. Barbour*, No. 3:04-cv-251, 2016 WL 11609575, at *2 (S.D. Miss. May 6, 2016) (finding reasonable $300 hourly

2

rate for attorney with 29 years of experience and $350 hourly rate for attorney with over 30 years of experience) (collecting Mississippi cases); *Wiemer v. Rubin*, No. 1:16-cv-99, 2019 WL 2461814, at *2 (S.D. Miss. June 12, 2019) (approving $130 hourly rate for paralegal). Furthermore, while 59.2 hours of work may seem excessive for enforcement of a $3,000 fee award, Williamson's contumacious bad faith conduct, which stretched over the course of years,[1] made such efforts necessary. Finally, after consideration of the relevant factors, the Court declines to make a lodestar adjustment.

Accordingly, Mass Mutual's fee request is **APPROVED**. Candace Williamson is **ORDERED** to pay to Mass Mutual $17,613.50 in fees. Williamson must make such payment no later than 12:00 p.m. on January 17, 2020, and must submit to the Court proof of such payment, as well as payment of the previously ordered $3,000 sanction, no later than 2:00 p.m. the same day. Should Williamson fail to pay either sanction by the deadline in this order, a judgment in the outstanding amount will issue, and Williamson will be suspended from practicing in this judicial district and subject to potential civil confinement.

**SO ORDERED**, this 10th day of January, 2020.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[1] *See* Doc. #130.