# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

| | |
|---|---|
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY | PLAINTIFF |
| V. | NO. 4:15-CV-166-DMB-JMV |
| CANDACE L. WILLIAMSON and SAMMY J. ELLIS, as co-executors of the Estate of Purvis William Hill, Jr. | DEFENDANTS |

*CONSOLIDATED WITH*

| | |
|---|---|
| CANDACE L. WILLIAMSON and SAMMY J. ELLIS, as co-executors of the Estate of Purvis William Hill, Jr. | PLAINTIFFS |
| V. | NO. 4:15-CV-184-DMB-JMV |
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY and JOHN DOES 1–3 | DEFENDANTS |

## ORDER

On December 26, 2019, this Court found Candace Williamson to be in contempt of Court for failure to pay to Massachusetts Mutual Life Insurance Company a $3,000 sanction ordered by United States Magistrate Judge Jane M. Virden. Doc. #130. The order directed Williamson to pay the $3,000 in fees within twenty-four hours and provided that "failure to comply with this order will result in sanctions in the amount of $100 per day, payable to the Clerk of the Court of the United States District Court for the Northern District of Mississippi." *Id*. at 8.

Two weeks later, on January 10, 2020, this Court, making a specific finding that Williamson had engaged in contumacious bad faith conduct, directed Williamson to pay to Mass Mutual both the $3,000 and an additional $17,613.50. Doc. #132. The order further provided

"[s]hould Williamson fail to pay either sanction by the deadline in this order, a judgment in the outstanding amount will issue, and Williamson will be suspended from practicing in this judicial district and subject to potential civil confinement." *Id*. at 3. Williamson did not pay the fee as directed. Accordingly:

1. The Court finds Williamson to be in civil contempt for her violation of the January 10 order.

2. For her bad faith and contumacious conduct of repeatedly refusing to pay court-ordered sanctions and otherwise refusing to comply with orders of the Court, Williamson is **SUSPENDED** immediately from practicing in the Northern District of Mississippi for a period of one (1) year. *See In re Booker*, 624 F. App'x 319, 320 (5th Cir. 2015) (affirming suspension of attorney for three years where attorney failed to disclose disciplinary proceedings and sought "to withdraw from … representation of and collect an unreasonable and unconscionable fee from his clients").

3. As a coercive sanction arising from her contempt of Court, Williamson's suspension shall not terminate at the conclusion of the one-year period *unless* Williamson submits proof that she has paid the $20,613.50 in fees to Mass Mutual *and* has paid to the Court all amounts due from the $100 per day sanction imposed by the December 26 order.

4. Williamson is **DIRECTED** to show cause on or before 3:00 p.m. on January 21, 2020, why she not be confined for civil contempt. Williamson is cautioned that failure to respond as directed will result in the issuance of an arrest warrant.

**SO ORDERED**, this 17th day of January, 2020.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**