IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

| | |
|---|---|
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY | PLAINTIFF |
| V. | NO. 4:15-CV-166-DMB-JMV |
| CANDACE L. WILLIAMSON and SAMMY J. ELLIS, as co-executors of the Estate of Purvis William Hill, Jr. | DEFENDANTS |

*CONSOLIDATED WITH*

| | |
|---|---|
| CANDACE L. WILLIAMSON and SAMMY J. ELLIS, as co-executors of the Estate of Purvis William Hill, Jr. | PLAINTIFFS |
| V. | NO. 4:15-CV-184-DMB-JMV |
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY and JOHN DOES 1–3 | DEFENDANTS |

**ORDER**

On December 26, 2019, this Court found Candace Williamson to be in civil contempt of court for failure to pay to Massachusetts Mutual Life Insurance Company a $3,000 sanction ordered by United States Magistrate Judge Jane M. Virden. Doc. #130. The order directed Williamson to pay the $3,000 sanction within twenty-four hours and provided that "failure to comply with this order will result in sanctions in the amount of $100 per day, payable to the Clerk of the Court of the United States District Court for the Northern District of Mississippi." *Id*. at 8.

Two weeks later, on January 10, 2020, this Court, specifically finding that Williamson had engaged in contumacious bad faith conduct, directed Williamson to pay Mass Mutual both the

$3,000 sanction and an additional $17,613.50 in fees.[1] Doc. #132. Williamson did not pay as directed. Accordingly, in an order issued January 17, 2020, this Court found Williamson in civil contempt based on her violation of the January 10 order. Doc. #133. The January 17 order further provided:

> Williamson is **DIRECTED** to show cause on or before 3:00 p.m. on January 21, 2020, why she not be confined for civil contempt. Williamson is cautioned that failure to respond as directed will result in the issuance of an arrest warrant.

*Id*. at 2.

On January 21, 2020, at approximately 2:10 p.m., Williamson appeared at the federal courthouse in Greenville, Mississippi, ostensibly to show cause why she should not be confined. When informed that no hearing was set, Williamson stated that she was having trouble logging into the Court's electronic filing system. She also attempted to leave her business card with a member of the Court's staff.

At 6:11 p.m. the same day, Williamson e-mailed to the chambers of United States Magistrate Judge Jane M. Virden a document titled, "Candace Williamson's Response to Court's Order to Show Cause."[2] Doc. #136. In the response, Williamson provides numerous reasons for failing to comply with orders issued in these consolidated cases. *Id.* at 2–3. The response concludes with Williamson's request "that this Court withhold any further sanctions imposed on [her] while she files for a request for reconsideration of the sanctions already imposed upon her noting the technical and personal adversities that have come up through the pendency of this case." *Id.* at 3.

Based on, among other things, the procedural history of these consolidated cases, the point

---

[1] This sum represents the reasonable attorney's fees incurred by Mass Mutual in its efforts to enforce the $3,000 sanction.

[2] Given the sensitive nature of some of its contents and the ancillary nature of the sanctions issues, the Court ordered Williamson's letter response be filed under seal. Doc. #135.

at which Williamson first began to disregard court orders, and the Court's understanding that Williamson has a functioning electronic filing account with the Court, the Court is skeptical of some of the reasons Williamson offers in her response. Furthermore, Williamson's appearance at the courthouse when no hearing was set and then her attempt to leave a business card with the Court's staff does not demonstrate sufficient cause to avoid civil confinement for contempt. Nevertheless, given Williamson's apparent attempt to comply with at least one court order, this Court will hold the warrant for Williamson's arrest in abeyance on the condition that she appear as directed for a hearing on her response to the order to show cause and on any motion for reconsideration she files. Accordingly:

1. The warrant for Williamson's arrest pursuant to the Court's January 17 show cause order is held in abeyance.

2. To the extent Williamson intends to seek reconsideration of the sanctions previously imposed by the Court, she may file[3] a motion for reconsideration no later than **January 30, 2020**.

3. A hearing on Williamson's response to the show cause order and on any request for reconsideration[4] will be set by separate notice for **February 6, 2020, at 1:00 p.m.** If Williamson fails to appear at the time and place noticed, the arrest warrant will issue immediately.

**SO ORDERED**, this 23rd day of January, 2020.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[3] To the extent the request for reconsideration includes sensitive information, it may be filed under seal. *See* Doc. #135. If, as Williamson's claims, she is unable to file documents using the Court's CM/ECF system, she must submit any request for reconsideration to the Court by sending it by certified mail to the Court's physical address in Greenville, Mississippi.

[4] If the Court deems it necessary, Mass Mutual will be provided an opportunity to respond to any reconsideration request by Williamson.